IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KIMBERLY A. WOLFER,**

        Plaintiff,

v.

**NANCY A. BERRYHILL,**
Acting Commissioner of Social Security,

        Defendant.

Civ. No. 3:16-cv-01672-CL

**REPORT AND
RECOMMENDATION**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Kimberly Wolfer seeks judicial review of the final decision of the Commissioner

of the Social Security Administration denying her application for Supplemental Security Income

benefits. The parties agree that the ALJ erred and that this case should be reversed and remanded

for further proceedings. However, the parties are unable to agree on the terms of the remand.

For the reasons below, the case should be reversed and remanded with instructions to include the

limitations given in Dr. Miner's opinion, which has already been given great weight, in the RFC

and Vocational Expert Hypothetical.

## DISCUSSION

In November, 2012, examining psychologist Ann Marie Miner, Psy.D., evaluated

Plaintiff and found she had moderate impairments in concentration and memory. Tr. 490. She

specifically found that Plaintiff's "concentration is estimated to be in the low average range and

would require some support in a working environment, such as five minute breaks every 30-60

minutes and modest supervision to verify that she remains on task." *Id.* In the report, the ALJ

carefully considered Dr. Miner's findings, "gave significant weight" to her opinion, and

acknowledged that Plaintiff would require "a five minute break every 30-60 minutes and modest

supervision." Tr. 72. However, neither the RFC nor the hypothetical question to the VE

included the requirement for breaks or modest supervision. Tr. 31-32, 66. The RFC finding

does not appear to accommodate Dr. Miner's requirement for "some support in a working

environment" in any way. Tr. 66. By not rejecting or including Dr. Miner's limitations in the

RFC, the ALJ committed error requiring remand.

The Court agrees with Plaintiff that on remand there is only one thing an ALJ may do

with a credible medical limitation: include it in the RFC and the VE hypothetical. *See Thomas v.*

*Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (citing *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th

Cir.1995) ("In order for the testimony of a VE to be considered reliable, the hypothetical posed

must include 'all of the claimant's functional limitations, both physical and mental' supported by

the record."). Because the ALJ already carefully considered the opinion of Dr. Miner and gave

"great weight" to her findings, including the need for breaks and supervision, the only issue on

remand will be to include the limitations given by Dr. Miner in the RFC and the VE

hypothetical.

### RECOMMENDATION

The decision of the ALJ should be reversed and remanded. On remand the ALJ should

be instructed to include the functional limitations given by Dr. Miner in Plaintiff's RFC and the

Vocational Expert Hypothetical.

This Report and Recommendation will be referred to a district judge. Objections, if any,

are due no later than fourteen (14) days after the date this recommendation is entered. If

objections are filed, any response is due within fourteen (14) days after the date the objections

are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within

the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951

F.2d 1153 (9th Cir. 1991).

DATED this _____ 27 _____ day of November, 2017.

MARK D. CLARKE
United States Magistrate Judge